IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GEARY SIMON (a/k/a "Robert Sutton")<br><br>Defendant. | CRIMINAL NO. _____<br><br>**VIOLATIONS:**<br>**18 U.S.C. § 1343 (Wire Fraud)**<br>**18 U.S.C. § 922(g)(1) (Possession of a Firearm by a Prohibited Person)**<br><br>**FORFEITURE:**<br>**18 U.S.C. § 924(d)**<br>**18 U.S.C. § 981(a)(1)(C),**<br>**28 U.S.C. § 2461(c), and**<br>**21 U.S.C. § 853(p)** |

## INFORMATION

The United States Attorney for the District of Columbia charges:

### Background

At all times material herein, on or about the dates and times listed below:

1. Defendant GEARY STEPHEN SIMON was a resident of the District of Columbia. SIMON lived in a property at 1272 New Hampshire Avenue, NW, Washington, D.C. According to real property records, that property is owned by "Geary Stephen Simon Trustee."

2. "Robert Sutton" was a persona used by SIMON at various times for fraudulent purposes. For example, SIMON claimed at various times that "Sutton" was SIMON's landlord for a property where SIMON resided in Washington, D.C. SIMON also claimed at various times that "Sutton" was the "General Partner" of a company called "U.S. Trust/Nine Lenders Capital Associates." During 2018, SIMON used the persona "Sutton" to file a civil lawsuit in D.C. Superior Court in which SIMON tried to stop a financial institution from foreclosing on SIMON's property. And SIMON created and controlled an email account for "Robert Sutton,"

rjs.ust9@gmail.com.

3.  SIMON had multiple felony convictions. Most recently, SIMON was convicted of Carrying a Pistol without a License, a felony, in the matter *United States v. Geary Simon*, Case No. 2016CF2015307 (D.C. Super. Ct.).

## COUNT ONE
### (Wire Fraud)

4.  Paragraphs 1 through 3 are re-alleged.

5.  The December 2020 coronavirus assistance relief legislation passed by the U.S. Congress included $25 billion in emergency rental assistance for tenants with low incomes and established the Emergency Rental Assistance ("ERA") program under the administration of the U.S. Department of the Treasury. The "American Rescue Plan Act" enacted in March 2021, provided an additional $21.55 billion for a grand total of $46.55 billion in emergency rental assistance and housing stability services.

6.  The Stronger Together by Assisting You D.C. ("STAY DC") Program was a financial assistance program for renters in Washington, D.C., who needed support to cover housing and utility expenses, and offset a loss of income. In April 2021, the city allocated $352 million in federal relief funds for the program to help residents pay past and current rent and utility bills due to the economic conditions caused by the COVID-19 pandemic. The STAY DC Program was administered by the U.S. Department of the Treasury as part of the ERA Program. As such, the STAY DC Program provided benefits in connection with a presidentially declared major disaster or emergency.

**The Scheme and Artifice to Defraud**

7.  During 2021, SIMON fraudulently obtained $38,560 in rental housing assistance from the STAY DC Program that SIMON should not have received. Rather than use those funds

as rental assistance, SIMON used the funds for his own personal benefit.

8. SIMON engaged in the scheme and artifice to defraud through the following manner and means, among others:

a. On June 22, 2021, SIMON applied for housing and utility assistance from the STAY DC Program by submitting an application via an online portal operated by the District of Columbia Department of Human Services ("DC-DHS"). In SIMON's Program Application, SIMON falsely stated that he was a tenant who rented a property in the District of Columbia at 2433 H Street, NW, Washington, D.C. As SIMON knew at that time, SIMON did not live at that address. Rather, that address is for a property that SIMON and his ex-wife owned prior to a foreclosure sale on October 3, 2018.

b. SIMON falsely stated in his Program Application that his landlord was "Robert Sutton"; that SIMON had received an eviction notice from "Robert Sutton"; and that SIMON owed "Robert Sutton" the sum of $72,000 in past due rent for the months of April 2020 through June 2021. As SIMON knew at that time, those statements were false because "Robert Sutton" was not a real person—let alone a person to whom SIMON owed $72,000.

c. In his Program Application, SIMON stated the telephone number for "Robert Sutton" was (***) ***-6693. However, that telephone number is actually a telephone number that SIMON used. SIMON also stated that the email address for "Sutton" was "rjs.ust9@gmail.com" which is actually an email address that SIMON controlled.

d. SIMON submitted this Program Application over the interstate wires to the D.C. government. SIMON did not qualify for assistance from the STAY DC Program because SIMON lived in his own property and, consequently, was not a tenant in need of rental assistance.

e. In reliance on SIMON's fraudulent application, on August 27, 2021, the

STAY DC Program issued a check to SIMON in the amount of $38,560 for rental assistance. The STAY DC Program would not have approved SIMON's application.

   f. On September 7, 2021, SIMON deposited the check from STAY DC into Capital Bank Account x1411 which is an account in the name of "The Geary Stephen Simon 2016 Irrevocable Trust."

   g. Once the STAY DC funds were in Capital Bank Account x1411, SIMON further misappropriated those funds by using them to pay private school tuition for his children and to satisfy his court-ordered child support obligations.

  9. On or about the following date within the District of Columbia and elsewhere SIMON, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted and aided and abetted the transmission by means of wire, radio, and television communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice:

| DATE | TRANSMISSION IN INTERSTATE AND FOREIGN COMMERCE |
|---|---|
| June 22, 2021 | Transmission of SIMON's application for the STAY DC Program to DC-DHS in Washington, D.C. |

**(Wire Fraud, in violation of 18 U.S.C. § 1343)**

## COUNT TWO
**(Possession of a Firearm by a Prohibited Person)**

  10. On or about March 14, 2024, in the District of Columbia, the defendant, GEARY SIMON, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Case No. 2016 CF2 015307,

4

did unlawfully and knowingly receive and possess a firearm, that is, a Ruger Mark II .22 caliber pistol and a .32 caliber revolver model R73, and did unlawfully and knowingly receive and possess ammunition, that is, .22 caliber ammunition and .32 caliber ammunition, which had been possessed, shipped, and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1))**

### FORFEITURE ALLEGATIONS

11. Paragraphs 1 through 10 of this Information are re-alleged for the purpose of alleging forfeitures to the United States pursuant to 18 U.S.C. §§ 924(d) and 981(a)(1)(C) and 28 U.S.C. § 2461(c).

12. Upon conviction of Wire Fraud in violation of 18 U.S.C. § 1343 set forth in Count One of this Information the defendant, GEARY SIMON, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

13. Upon conviction of the offense in violation of 18 U.S.C. § 924(d) set forth in Count Two of this Information, the defendant, GEARY SIMON, shall forfeit any firearm involved in or used in such offense.

14. The specific property subject to forfeiture includes, but is not limited to, the following:

    a. One Ruger Mark II .22 caliber pistol with a serial number of 216-18259,

    b. One Ruger Mark II .22 caliber pistol magazine,

    c. Four rounds of .22 caliber ammunition,

    d. One .32 caliber revolver model R73 with a serial number of

    NKD02463, and

  e. Five .32 caliber rounds of ammunition.

15. The United States will also seek a forfeiture money judgment against the defendant in the amount of $38,560.

16. If any of the property described above, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

**(Forfeiture, pursuant to 18 U.S.C. §§ 924(d) and 981(a)(1)(C);
28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p))**

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney

By: _____
    JOHN W. BORCHERT (Bar No. 472824)
    Assistant United States Attorney
    Fraud, Public Corruption & Civil Rights Section
    601 D Street, NW
    Washington, D.C. 20530
    (202) 252-7679
    john.borchert@usdoj.gov

June 11, 2024